IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STRAITSHOT COMMUNICATIONS, INC., a
Washington corporation, and STRAITSHOT RC, LLC,
a Delaware limited liability company,

    Plaintiffs,

  v.

TELEKENEX, INC., a Delaware corporation; MARK
PRUDELL and JOY PRUDELL, husband and wife and
the marital community composed thereof; MARK
RADFORD and NIKKI RADFORD, husband and wife
and the marital community composed thereof; JOSHUA
SUMMERS and JULIA SUMMERS, husband and wife
and the marital community composed thereof;
ANTHONY ZABIT and JANE DOE ZABIT, husband
and wife and the marital community composed thereof;
BRANDON CHANEY and JANE DOE CHANEY,
husband and wife and the marital community composed
thereof; MAMMOTH NETWORKS, LLC, and BRIAN
WORTHEN and JANE DOE WORTHEN, husband and
wife and the marital community composed thereof; IXC
HOLDINGS, INC., a Delaware corporation,

    Defendants.

No. C 12-80102 WHA

**ORDER DENYING
DEFENDANTS'
CLAIM OF
EXEMPTION
FROM EXECUTION**

**INTRODUCTION**

In this judgment-enforcement dispute, defendants claim exemptions to judgment execution pursuant to California Code of Civil Procedure Section 704.115. For the following reasons, defendants' claim is **DENIED**.

**STATEMENT**

Plaintiffs obtained a judgment of $6,488,049 against defendants in United States District Court for the Western District of Washington and commenced an action to enforce this judgment against defendants in this district. Notices of levy were served on Charles Schwab, & Co., Inc. in San Francisco against certain accounts held by defendants Brandon Chaney, Deanna Chaney, Anthony Zabit, and Karen (Salazar) Zabit. Defendants claimed exemptions from execution pursuant to California Code of Civil Procedure Section 704.115 for their respective IRA accounts with Charles Schwab.

**ANALYSIS**

Defendants contend that their individually held Charles Schwab IRA accounts are exempt from execution under California Code of Civil Procedure Section 704.115. This order disagrees.

*First*, defendants contend Zabits' IRA accounts and one account of Brandon Chaney are exempt because the funds in the IRA accounts were rolled over from 401(k) accounts. Assets held in private retirement plans are fully exempt from execution while exemptions for funds held in an IRA are subject to limitations based on necessity. CAL. CODE CIV. PRO. § 704.115. The transfer of private retirement plan assets to an IRA does not eliminate a full exemption under Section 704.115 if the funds in the IRA are traceable to a fully exempt private retirement plan. *McMullen v. Haycock* (2007) 147 Cal. App. 4th 753, 754. The exemption claimant has the burden of tracing an exempt fund. CAL. CODE OF CIV. PRO. § 703.080(b). The record is devoid of competent evidence establishing that the funds in the IRA accounts were proceeds of a private retirement account. Defendants merely offer naked assertions that the IRA funds were rolled over from a 401(k) account. Accordingly, defendants have failed to carry their burden of proof that the IRA funds are traceable to funds from a fully exempt private account.

*Second*, defendants contend that the IRA accounts are exempted from execution to the "extent necessary to provide for the support of the judgment debtor when the judgment debtor retires . . . taking into account all resources that are likely to be available for the support of

2

the judgment debtor when the judgment debtor retires." CAL. CODE CIV. PRO. § 704.115 (e). "If property is claimed as exempt pursuant to a provision exempting property to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor, the claim of exemption shall include a financial statement." CAL. CODE CIV. PRO. § 703.530(a). Defendants have not filed a financial statement. They merely contend the retirement accounts are the only certain source of funds to pay for retirement because plaintiffs have moved, in the Western District of Washington, to execute judgment against virtually all defendants' valuable assets. Defendants have failed to even provide a statement on each individual defendants' financial situation, let alone provide financial statements that comply with Section 703.530(a). It is defendants' burden to establish they qualify for an exemption to execution under Section 704.115(e). They have clearly failed to meet that burden.

*Third*, defendants argue plaintiffs cannot enforce their judgment against Brandon and Deanna Chaney through a proceeding in this district because the Chaneys are residents of Nevada and an action to enforce judgment has also been filed in the District of Nevada. This order disagrees. A judgment creditor may bring an action to enforce a judgment in any district court. *Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1123 (9th Cir. 2010). The record indicates the Chaneys' levied IRA accounts are located within this district based upon the San Francisco address listed for the Charles Schwab accounts. In addition to the levied accounts, the Chaneys appear to have additional assets in this district including bank accounts and real property as indicated by the record. Defendants' argument is legally unsupported and fails to provide any evidence as to why the Chaneys' assets are not subject to enforcement execution within this district.

## CONCLUSION

For the reasons stated, defendants' request for exemption from execution is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 17, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3